IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GERARD ALLEN SANGCO,

        Plaintiff,

  v.

CARFAX, INC., BRIAN MCGRORTY, and DOES 1-10,

        Defendant.
_____/

**No. C12-04305 RS**

**ORDER GRANTING MOTION TO REMAND**

## I.   INTRODUCTION

Plaintiff Sangco is a citizen of California. Defendant Carfax is incorporated under the laws of Pennsylvania, with its principal place of business in the state of Virginia. Plaintiff was employed by Carfax in a sales position in Alameda, California from March 2011 to November 2011. Carfax employed defendant McGrorty in Pennsylvania from June 2010 until September 2011. McGrorty was and is a resident of Pennsylvania.

Plaintiff filed his Complaint in the Superior Court of the State of California, County of Alameda on July 6, 2012. The Complaint alleged violations of the California Fair Employment and Housing Act, as well as other state law claims. Carfax was served on July 17, 2012, and McGrorty was served on July 19, 2012. Proof of service was not filed with the Court. Carfax filed its answer on August 14, 2012, and the following day filed a notice of removal of the case to Federal Court, under 28 U.S.C. Sections 1332, 1441, and 1446, alleging diversity jurisdiction. Defendant McGrorty was not joined in this removal action.   McGrorty tried to file an answer on August 16, 2012, but it was rejected for failure to submit a filing fee. Plaintiff now moves to remand the case,

alleging procedural defects in the removal petition. Pursuant to Civil Local Rule 7-1(b), this matter has been decided without oral argument.

## II.   BACKGROUND[1]

Plaintiff's complaint alleges that he was a California employee of Carfax. McGrorty lived and worked in Pennsylvania, but had supervisory authority over Sangco. Both Sangco and McGrorty traveled to Florida for a company-sponsored work conference on September 17, 2011. At that conference, Sangco avers that McGrorty made offensive statements with respect to Sangco's perceived sexual orientation and immigration status. Sangco also avers McGrorty made Sangco uncomfortable through both physical contact and intentional humiliation. Upon arriving home from the conference, Sangco would become physically ill when he thought about the alleged harassment.

Sangco alleges Carfax began an internal investigation of the conduct on September 26, 2011. On November 28, 2011, Sangco was terminated. On November 29, 2011, John Wanger of Carfax initiated a workers compensation claim without authorization by Sangco.

## III.   LEGAL STANDARD

Removal is appropriate when the case could have been properly filed in federal court in the first instance. 28 U.S.C. §1332 provides federal courts with diversity jurisdiction when all citizens are of different states and the amount in controversy exceeds $75,000. The law is clear that, under 28 U.S.C. §1446(b)(2)(A), when removal is sought by a defendant, all defendants who have been properly joined and served must join in or consent to the removal of the action. The Ninth Circuit has interpreted the removal statute strictly. *See Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

## IV.   DISCUSSION

In its opposition to plaintiff's motion to remand, defendant Carfax argues that plaintiff has not alleged facts against McGrorty that would establish jurisdiction over him in California. As a result, Carfax alleges that McGrorty could not be joined as a proper defendant and thus did not need to be joined in Carfax's Notice of Removal. Further, counsel for defendant declares that, as of the

---

[1] These facts are taken from plaintiff Sangco's Complaint for Damages.

2

date of the filing of the Notice of Removal, Carfax had no notice of the service on McGrorty. Brown Decl. ¶7.

Sangco replies that his complaint was not limited to actions taken at a particular place and time. Rather, he asserts that McGrorty knew plaintiff was a California employee. Plaintiff states that McGrorty had held weekly teleconferences which plaintiff attended while sitting in California, and that McGrorty had spoken to plaintiff one-on-one, while plaintiff was in California, regarding his job position. These specific jurisdictional facts, however, appear only in the reply to Carfax's opposition to remand, not on the face of the complaint. Nevertheless, Carfax failed to object to the alleged misjoinder of McGrorty in its answer to the Complaint. Cal. C. of Civ. Proc. §430.10(d). A failure to raise an objection in an answer is deemed a waiver of the objection. Cal. C. of Civ. Proc. 430.80(a). It follows that Carfax's failure to raise an objection to the joinder of McGrorty in its answer to the complaint was a waiver of that objection and an acceptance of McGrorty as a joined co-defendant. As a result, Carfax cannot now argue that joinder of McGrorty was simply not required when it filed its Notice of Removal.

In the alternative, Carfax argues in its opposition brief that failure to include McGrorty in the Notice of Removal is a procedural defect that does not warrant remand. Rather, it argues, discretion should be exercised to retain the case, as McGrorty does not object to the removal of the case to federal court. McGrorty Decl. ¶4. Carfax argues its procedural defect can be cured in accordance with 28 U.S.C. 1653, as no judgment has yet been entered in this case.

Defendant Carfax relies upon several cases to support its position, but none is compelling in the present circumstances. In *Koklich v. California Dept. of Corrections* the procedural default was a failure to attach all papers served to the Notice of Removal. 2012 WL 653895 (E.D. Cal. Feb. 28, 2012). Such a failure to attach every required document presents a situation distinct from a failure to gain consent for removal from a co-defendant. A flaw in documentation is arguably less serious than a failure to join all parties. In *Cardroom Int'l, LLC v. Scheinberg* the court found that filing a Rule 12(b)(1) motion to dismiss implied the defendant had consented to removal. 2012 WL 2263330 (C.D. Cal. June 18, 2012). In the present case, by contrast, defendant McGrorty has made

3

no equivalent motion. In *Proctor v. Vishay Intertechnology Inc.* the Ninth Circuit stated that a removal notice was sufficient with a signed averment of consent by each of the defendants. An individual consent document was not required. 584 F.3d 1208, 1225 (9th Cir. 2009). In this case, however, the Notice of Removal contained no indication of whether McGrorty consented to removal or not. McGrorty only indicated that he *would have* consented to removal in his declaration accompanying Carfax's opposition to remand, well after the case had been removed to federal court.

Finally, defendant cites to *Desfino v. Reiswig*, in which the Ninth Circuit found that none of the defendants who had not been joined in the Notice of Removal had been properly served. As a result, removal was not improper. 630 F.3d 952, 957 (9th Cir. 2011). As opposed to that situation, here, as discussed above, all defendants were properly served prior to removal. Even if the validity of service were in doubt, however, the Ninth Circuit has made clear that, when there is a question as to whether removal was proper, remand is favored. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Furthermore, Carfax made no effort to determine whether McGrorty had been served at the time it filed its Notice of Removal, beyond checking the court docket for a proof of service. Proper due diligence would have led counsel to contact plaintiff's counsel or defendant McGrorty himself to inquire as to whether defendant McGrorty had been properly served. Thus failure to discover that McGrorty had been served is not a valid excuse.

V.   CONCLUSION

For the reasons set forth above, plaintiff's motion to remand this case to California Superior Court is hereby GRANTED.

Dated: 10/1/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE